**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-13177

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JOSEPH ELIAS NEHME,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:18-cr-00231-PGB-LHP-1

————————————

Before BRASHER, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Joseph Nehme appeals a 24-month term of reimprisonment, which the district court imposed upon revocation of his supervised release. He raises two challenges on appeal. First, he argues that

the district court erred in issuing its sentence because it impermissibly considered the retributive factors of 18 U.S.C. § 3553(a)(2)(A). And second, he contends that the district court abused its discretion by issuing a substantively unreasonable sentence because it did not consider the appropriate factors under 18 U.S.C. § 3553(a) or give his mitigation appropriate weight. We reject both of Nehme's challenges and affirm his sentence.

## I.

In 2018, Nehme, a convicted sex offender, was charged with violating 18 U.S.C. § 2550(a) for failing to update his sex offender registration status as required by the Sex Offender Registration and Notification Act. Nehme pleaded guilty, and the district court sentenced him to 37 months' imprisonment, to be followed by five years' supervised release. In early 2024, Nehme was released from prison and began serving his term of supervised release.

Soon after his release, Nehme violated multiple terms of his probation. For example, he failed to appear at his residence for a schedule visit with his probation officer, register his employment status with the Volusia County Sheriff's Office Sex Offender Registration Office, or update his Florida Department of Law Enforcement Sex Offender Registration to reflect that he purchased a vehicle. Nehme's probation officer contacted the Volusia County Sheriff's Office to report Nehme's violations.

After investigating, Volusia County law enforcement determined that Nehme was not residing full-time at his registered permanent address, and the state charged him with failing to register

as a sex offender, in violation of Florida Statues § 944.607(10). Nehme entered a plea of *nolo contendere* in state court and was sentenced to 366 days imprisonment.

Meanwhile, in light of his criminal conduct—namely, violating Fla. Stat. § 944.607(10)—the United States Probation Office petitioned for a warrant. Based the nature of the violation and Nehme's criminal history category, the Office recommended that the district court revoke Nehme's supervised release per U.S.S.G. § 7B1.3(a)(1) and impose a new term of custody. The Office calculated Nehme's advisory guideline range for that term to be 21 to 27 months' imprisonment, but it reduced the upper end to the statutory maximum penalty of 24 months. The district court issued the warrant, and upon completion of Nehme's state term of imprisonment, he was transferred to federal custody.

At Nehme's supervised release revocation hearing, the district court took judicial notice of Nehme's state conviction for violating Fla. Stat. § 944.607(10) and determined, by a preponderance of the evidence, that Nehme had violated the conditions of his supervised release by committing a state crime. Doc. 80 at 5–6. *See also* Doc. 29 at 3. Nehme's attorney requested a time-served sentence, arguing that Nehme had already served time in state custody for violating Florida Statues § 944.607(10). The government requested a 21-month sentence, to be followed by three years of supervised release.

Following Nehme's sentencing allocution, the district court sentenced him to a 24-month term of reimprisonment, to be followed by three years of supervised release. In issuing its sentence, the district court stated that it had considered the petition for revocation of supervised release, the advisory sentencing guidelines, and the policy considerations set forth in 18 U.S.C. § 3553, "with the exclusion of [s]ection 3553(a)(2)(A), specifically the seriousness of the original offense, the need to promote respect for the law, and the need to provide just punishment." Doc. 80 at 28. The district court further explained that the terms of Nehme's supervised release were straightforward, that Nehme's state law violation shows that he "did not comply," and that Nehme's noncompliance was "a serious violation." *Id.* Nehme objected to the district court's order "on substantive and procedural grounds." *Id.* at 31.

## II.

When the defendant does not specifically make "the district court aware that it may be impermissibly relying on § 3553(a)(2)(A)," we review the district court's order revoking supervised release and requiring reimprisonment for plain error. *Esteras v. United States*, 606 U.S. 185, 202 (2025). Under that standard, we will affirm the district court's order "unless it is 'clear' or 'obvious' that the district court actually relied on § 3553(a)(2)(A)—because it did so either expressly or by unmistakable implication." *Id.* at 202–03, quoting *United States v. Olano*, 507 U.S. 725, 734 (1993).

We review the substantive reasonableness of a district court's sentence upon revoking supervised release for abuse of discretion. *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016). "We will only vacate a defendant's sentence if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3551(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* (citation modified). But, in any event, "[t]he party challenging the sentence bears the burden of showing that it is unreasonable." *Id.* at 936.

## III.

Nehme makes two arguments. First, he contends that the district court impermissibly considered the retributive factors of section 3553(a)(2)(A) in issuing his sentence. And second, he argues that the district court issued a substantively unreasonable sentence because it did not consider the appropriate factors under section 3553(a) and failed to give his mitigation appropriate weight. For the following reasons, we reject both of Nehme's arguments and affirm his sentence.

### A.

First, we reject Nehme's position that the district court impermissibly considered the retributive factors of section 3553(a)(2)(A) in issuing his sentence.

As an initial matter, a district court may impose a term of imprisonment upon revoking a defendant's supervised release. 18

U.S.C. § 3583(e)(3). But before imposing such a term of imprisonment, the district court must consider "the factors set forth in [18 U.S.C. §] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." *Id.* § 3583(e). Conspicuously absent from this statutory list is the factor enumerated in § 3553(a)(2)(A)—"the need for the sentence imposed[] . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *Id.* §§ 3583(e), 3553(a)(2)(A).

The Supreme Court addressed the significance of that factor's omission from § 3583(e) in *Esteras v. United States*, 606 U.S. 185 (2025). There, the Court held that, under the "well-established canon of statutory interpretation[] *expressio unius est exclusio alterius*," "[d]istrict courts cannot consider § 3553(a)(2)(A) when revoking supervised release." *Esteras*, 606 U.S. at 195 (citation modified). It reasoned that the "offense" referenced in § 3553(a)(2)(A) refers to the defendant's "underlying crime of conviction." *Id.* at 193–94. The word "offense" did not, however, refer to "the violation of the supervised-release conditions." *Id.* at 194. As such, the Court did not decide in *Esteras* whether a district court may consider retribution for a defendant's supervised release violation in imposing a revocation sentence. *See id.* at 194 n.5 (determining that "offense" in § 3553(a)(2)(A) "can mean only the underlying criminal conviction" and declining to address whether "retribution *for the violation of the conditions of the supervised release*" is a permissible consideration); *see also* U.S.S.G. ch. 7, pt. A, intro. 3(b) (Nov. 2024) (instructing that "the sentence imposed upon revocation [is] intended to sanction the violator for failing to abide by the conditions of the

court-ordered supervision," and the district court may "sanction" an offender's "breach of trust").

Here, we cannot say that the district court violated section 3583(e)'s command, and we certainly cannot say that it committed plain error. It is neither "clear" nor "obvious" that the district court impermissibly relied on the section 3553(a)(2)(A) factors, because it did not do so "either expressly or by unmistakable implication." *Esteras*, 606 U.S. at 203 (citation modified).

The district court did not consider the 3553(a)(2)(A) factors expressly. Indeed, it expressly *disclaimed* any reliance on them. *See* Doc. 80 at 28 ("I've considered the advisory sentencing guidelines and the policy considerations set forth in 18 U.S.C. [s]ection 3553, with the exclusion of [s]ection 3553(a)(2)(A), specifically the seriousness of the original offense, the need to promote respect for the law, and the need to provide just punishment."). And it did not implicitly consider the proscribed factors either. In fact, the district court stated that it imposed its 3583(e) decision in light of Nehme's failure to "comply with the requirements after [he was] released from imprisonment" by violating Florida Stat. § 944.607(10). *Id.*

Because the district court did not impermissibly rely on section 3553(a)(2)(A) factors in sentencing Nehme to a term of reimprisonment, we reject Nehme's first challenge.

*B.*

Second, we reject Nehme's argument that the district court's sentence was substantively unreasonable because it failed

to consider the appropriate factors under section 3553(a) and give proper weight to his mitigation.

Although the district court must consider all relevant section 3553(a) factors, "the weight given to each factor is committed to the sound discretion of the district court," and it may attach great weight to one factor over the others. *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). A court's "failure to discuss . . . 'mitigating' evidence" does not indicate that the court "erroneously 'ignored' or failed to consider th[e] evidence in determining [the defendant's] sentence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007). Instead, a "court's acknowledgment that it has considered the § 3553(a) factors and the parties' arguments" is sufficient to show it has considered the issues and arguments before it. *Butler*, 39 F.4th at 1356 (citing *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009)). In assessing the reasonableness of a sentence, we "ordinarily expect a sentence within the Guidelines range to be reasonable." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

We cannot say that the district court failed to consider the appropriate section 3553(a) factors or give adequate weight to Nehme's mitigation. First, the court's acknowledgments that it considered the Guidelines' policy statements and the factors under section 3553(a), excluding section 3553(a)(2)(A), are sufficient to show its proper consideration of these factors. *See Butler*, 39 F.4th at 1356. Second, the court did, in fact, give weight to Nehme's argument that he had already served a term of imprisonment for the

violation conduct in state prison and should therefore not be doubly punished for failure to comply with the sex offender requirements. But it chose to give greater weight to Nehme's history and characteristics, as it was entitled to do under section 3553(a)(1). *Butler*, 39 F.4th at 1355. Finally, Nehme's 24-month sentence was within the guideline range, which provides an indicator of reasonableness. *Gonzalez*, 550 F.3d at 1324.

In sum, Nehme has not met his burden of showing that the court imposed a substantively unreasonable sentence. *Trailer*, 827 F.3d 933.

**IV.**

**AFFIRMED.**